UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DOROTHY MCPIPE** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO.** |
| **VERSUS** | * | |
| | * | **SECTION " "** |
| | * | |
| **ALLSTATE INSURANCE COMPANY** | * | **MAGISTRATE** |
| | * | **DIVISION ( )** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that defendant, Allstate Insurance Company, hereby timely removes this matter from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, in which it is now pending, to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, *et seq.* Original jurisdiction lies with this Court because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between the plaintiff and defendant.

I.

On April 20, 2023, the plaintiff filed the attached Petition for Damages, commencing a civil action in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, entitled, *Dorothy McPipe versus Allstate Insurance Company*, bearing Docket

Number 731166 on the docket of Division C-21. A copy of said Petition for Damages is attached and made part of this Notice of Removal as Exhibit "A." The Petition was served upon the Louisiana Secretary of State on April 27, 2023, i.e. less than 30 days from the filing of this notice of removal.

II.

The Petition for Damages alleges that Allstate Insurance Company (hereinafter sometimes referred to as "Allstate") is an insurer authorized to do and doing business in the State of Louisiana and Parish of East Baton Rouge. In fact, Allstate Insurance Company is a corporation authorized to do and doing business in the State of Louisiana, incorporated under the laws of the State of Illinois with its principal place of business in the State of Illinois. Therefore, Allstate Insurance Company is a citizen of the State of Illinois for purposes of diversity jurisdiction.

III.

The plaintiff alleges in her Petition that she is a person of the full age of majority and resident of the State of Louisiana who has sustained covered property damage and loss and penalties, attorney's fees and costs for the alleged misconduct of Allstate. In her Petition for Damages, plaintiff seeks recovery for losses or damages incurred as a result of the alleged damage to her property located at 3125 Michelli Drive, Baton Rouge, Louisiana 70805 due to Wind and Hail Storm and Allstate's alleged arbitrary and capricious conduct as her insurer in failing to pay for the alleged damage. As a domiciliary of the State of Louisiana, the plaintiff is a citizen of the State of Louisiana for the purposes of diversity jurisdiction.

IV.

Prior to plaintiff filing suit, Allstate has issued payments pursuant to the good faith loss

adjustment and its policy coverages including payments for loss under the dwelling, other structures, and contents coverages.    However, the plaintiff has asserted claims for extra-contractual damages, including penalties and attorney fees under La. R.S. § 22:1892, and consequential damages with up to two times the amount of the claim as penalties plus attorney fees caused by Allstate's alleged breach of good faith and fair dealing under § 22:1973.  If the court finds that the value of the plaintiff adjuster's estimate, less the initial payment, was due and should have been issued within 30 days of Allstate's initial inspection, penalties of 50% would be assessed on the claim, plus reasonable attorney fees normally calculated at one-third of the plaintiff's overall recovery.  Accordingly, Defendant shows to a degree of legal certainty that the amount in controversy for the claims of the Plaintiff exceeds the jurisdictional minimum of $75,000.00 of this Court for the purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332.

V.

This suit is civil in nature and is one over which this Court has original jurisdiction and is one over which the district courts of the United States are given original jurisdiction on the grounds on diversity of citizenship pursuant to 28 U.S.C.§ 1332.

VI.

A copy of the Notice of Removal is also being filed with the clerk of the district court in which this case was originally filed.

VII.

Pursuant to 28 U.S.C. §1447(b), copies of all process, pleadings and orders served upon defendant, are attached hereto as Exhibit A.

3

VIII.

This Notice of Removal is filed on behalf of defendant, Allstate Insurance Company, who is the only defendant of record at this time.

IX.

The Petition for Damages was served upon Allstate Insurance Company via service upon the Louisiana Secretary of State on April 27, 2023. As such, thirty days have not yet elapsed since Plaintiff completed the service of the Petition for Damages on defendant; and the Petition for Damages was filed less than one year ago. Thus, this Notice of Removal is filed timely.

X.

Defendant demands trial by jury.

**WHEREFORE**, petitioner prays that this Notice of Removal be accepted as good and sufficient and that the aforesaid action pending against it in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed therefrom to this Court.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

4

Respectfully submitted,

_____/s/ Donald R. Klotz_____
ALAN J. YACOUBIAN (#17213)
DONALD R. KLOTZ (#20253)
JOHNSON, YACOUBIAN & PAYSSE
701 Poydras Street, Suite 4700
New Orleans, Louisiana 70139-7708
Telephone: (504) 528-3001
Facsimile: (504) 528-3030
Email: ajy@jyplawfirm.com
      dklotz@jyplawfirm.com
Attorneys for defendant, Allstate Insurance Company

## CERTIFICATE OF SERVICE

    I hereby certify that on this 16th day of May, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, if any, by e-mail, fax and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

_____/s/ Donald R. Klotz_____